United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MISSION VALLEY FORD TRUCK SALES, INC.,

        Plaintiff,

  v.

TERADYNE, INC. and GENRAD, INC.,

        Defendants.

_____/

No. C 05-03036 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 6, 2006:

The Court **tentatively GRANTS** the request by Plaintiff Mission Valley Ford Truck Sales, Inc. for a continuance pursuant to Federal Rule of Civil Procedure 56(f) ("Rule 56(f)") to oppose the motion for summary judgment filed by Defendants Teradyne, Inc. and GenRad, Inc. The Court **tentatively RESERVES** ruling on the alternative motion by Defendants to transfer this case to the Eastern District of Michigan. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument

**United States District Court**

For the Northern District of California

1    or additional briefing.  *See* Civil Local Rule 7-3(d).  The parties will be given the opportunity at

2    oral argument to explain their reliance on such authority.

3              Each party will have fifteen minutes to address the following questions:

4    (1)    Plaintiff seeks a continuance pursuant to Rule 56(f) to conduct discovery in opposition

5           to Defendants' motion for summary judgment, but does not specify the length of the

6           continuance it seeks.  How much time does Plaintiff need to conduct discovery to oppose

7           Defendants' motion?

8    (2)    Defendants argue that this action could have been brought in the Eastern District of

9           Michigan because that court would have personal jurisdiction over Teryadyne

10          Diagnostic Solutions, Inc.  However, Teryadyne Diagnostic Solutions, Inc. is not a

11          defendant in this suit.  Would a Michigan court have personal jurisdiction over

12          *Teradyne, Inc.* and *GenRad, Inc.* for the claims of patent infringement in this matter?  If

13          this suit could have been brought against Teradyne, Inc. and GenRad, Inc. in the Eastern

14          District of Michigan, Defendants should be prepared to submit evidence demonstrating

15          facts sufficient to demonstrate personal jurisdiction over these entities.

16   (3)    Defendants address where sales activities for the allegedly infringing products occurred,

17          but do not specifically state where the allegedly infringing products were designed

18          and/or manufactured.  Where were the allegedly infringing products designed and/or

19          manufactured?  Defendants should be prepared to submit evidence demonstrating where

20          were the allegedly infringing products designed and/or manufactured.

21   (4)    Do the parties have anything further to add?

22          **IT IS SO ORDERED.**

23

24   Dated: January 4, 2006                                          _____

25                                                                   JEFFREY S. WHITE
                                                                     UNITED STATES DISTRICT JUDGE

26

27

28